**ZI XING ZHANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–4466–ag.

United States Court of Appeals, Second Circuit.

June 11, 2007.

Gary J. Yerman, New York, N.Y., for Petitioner.

Jean B. Hudson, Assistant United States Attorney, for John L. Brownlee, United States Attorney for the Western District of Virginia, Charlottesville, VA, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zi Xing Zhang, a native and citizen of China, seeks review of an August 4, 2005 order of the BIA affirming the November 24, 2003 decision of Immigration Judge ("IJ") Alan A. Vomacka denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Zi Xing Zhang,* No. A79 814 518 (B.I.A. Aug. 4, 2005), *aff'g* No. A79 814 518 (Immig. Ct. N.Y. City Nov. 24, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv); *see Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed unless it can be "confidently predicted" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ and BIA rejected Zhang's claim of past persecution upon finding his testimony not credible. Whether or not we agree with each of the reasons for the agency's adverse credibility determination, substantial evidence supports its overall conclusion, and we can confidently predict

that the agency would reach the same result on remand. The IJ correctly noted numerous inconsistencies between Zhang's testimony and his supporting documents, several of which went to the nature of his claimed religious belief and alleged police suppression of his church. In addition, the BIA reasonably doubted Zhang's credibility given that he mentioned his father's arrest (which occurred around the time of Zhang's alleged past persecution) for the first time on cross-examination, having failed to mention this arrest in his asylum application or during his direct testimony. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005). The IJ was also reasonable in doubting Zhang's veracity regarding his true reason for fleeing China given his testimony that he secured arrangements to leave China two days after a typhoon destroyed his place of employment. Given these concerns, it was further reasonable for the IJ to find that Zhang's failure to present corroborative evidence prevented him from rehabilitating his dubious testimony. *See, e.g., Zhou Yun Zhang*, 386 F.3d at 78.

The record is unclear as to whether the IJ denied Zhang's claimed fear of future persecution on credibility grounds. It appears that he evaluated this claim on the assumption that Zhang was credible about being a Christian. Accordingly, we construe the IJ's decision as having found Zhang incredible as to his claim of past persecution, but credible as to his claim that he is Catholic. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006). Even according Zhang the benefit of this construction, the IJ's conclusion that Zhang failed to establish a well-founded fear of future persecution is also supported by substantial evidence. The IJ reasonably noted that Zhang's family members' ability to remain in China unharmed undercut his claim of future persecution given his testimony that they were also actively involved

in his church. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157, 1160 (BIA 1998). Moreover, Zhang testified only that, upon his return to China, he may be "held for two days and then released." Because such treatment would not rise to the level of persecution, the IJ did not err in finding that this testimony undercut both the subjective and objective elements of his fear.

Because Zhang was unable to show the subjective genuineness or objective likelihood of persecution needed to prevail on an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul*, 444 F.3d at 156. Additionally, because Zhang does not raise any challenge to the denial of his CAT claim in his brief to this Court, we deem this claim waived. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).